﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190814-19581
DATE: March 31, 2020

ORDER

The reduction in disability rating for traumatic brain injury (TBI) was proper; restoration of the 40 percent disability rating, effective July 1, 2019, is denied.

FINDINGS OF FACT

1. In February 2018, the Veteran failed to report to a VA examination to review the current severity of the service-connected TBI without providing a good cause for missing this examination.

2. By a March 2018 rating decision, the RO proposed to reduce the assigned disability rating for the Veteran’s TBI from 40 percent to 0 percent and by a July 2019 rating decision reduced the rating effective July 1, 2019.

3. At the time of the reduction, a 40 percent rating for the Veteran’s TBI has been in effect for more than five years and the reduction reduced the Veteran’s overall level of compensation and combined disability rating.

CONCLUSION OF LAW

The criteria for restoration of the 40 percent rating for TBI, effective July 1, 2019, are not met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.105, 3.344, 3.655, 4.71a, Diagnostic Code 8045 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from September 2002 to August 2009.

The appeal stems from a July 2019 rating decision that reduced the Veteran’s TBI rating from 40 percent to noncompensable. The Veteran appealed the case directly to the Board, choosing Direct Review.

Rating Reduction

Under 38 C.F.R. § 3.105(e), when a reduction in evaluation of a service-connected disability is considered warranted and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction or discontinuance will be prepared setting forth all material facts and reasons. The beneficiary will be notified at his or her latest address of record of the contemplated action and furnished detailed reasons therefor and will be given 60 days for the presentation of additional evidence to show that compensation payments should be continued at their present level. Unless otherwise provided in paragraph (i) of this section, if additional evidence is not received within that period, final rating action will be taken and the award will be reduced or discontinued effective the last day of the month in which a 60-day period from the date of notice to the beneficiary of the final rating action expires.

Furthermore, 38 C.F.R. § 3.344 provides additional requirements for ratings that have been in effect for five or more years. Specifically, examinations less full and complete than those on which payments are authorized or continued will not be used as a basis of reduction. Moreover, ratings on account of diseases subject to temporary or episodic improvement will not be reduced on any one examination, except in those instances where all the evidence of record clearly warrants the conclusion that sustained improvement has been demonstrated. VA must also ensure that the evidence makes reasonably certain that any material improvement will be maintained under the ordinary conditions of life.

In determining whether a reduction was proper, the Board must focus upon evidence available to the RO at the time the reduction was effectuated, although post-reduction medical evidence may be considered in the context of evaluating whether the condition had actually improved. Cf. Dofflemyer at 281-282. However, post-reduction evidence may not be used to justify an improper reduction.

In considering the propriety of a reduction in this case, a review of the regulations for establishing disability ratings is appropriate. Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4 (2019). Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1 (2019). Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the veteran working or seeking work. 38 C.F.R. § 4.2 (2019).

When continued entitlement to a benefit cannot be established or confirmed without reexamination, and a claimant, without good cause, fails to report for such reexamination, VA shall initiate a reduction of benefits. To do so, VA must issue a pre-termination notice advising the payee that payment for the disability for which the reexamination was scheduled will be discontinued or, if a minimal evaluation is established, reduced to the lower evaluation. Such notice shall also include the prospective date of discontinuance or reduction, the reason therefor, and a statement of the claimant’s procedural and appellate rights. The claimant shall be allowed 60 days to indicate his or her willingness to report for a reexamination or to present evidence that payment for the disability for which the reexamination was scheduled should not be discontinued or reduced. 38 C.F.R. § 3.655(c)(1).

If there is no response within 60 days, or if the evidence submitted does not establish continued entitlement, payment for such disability shall be discontinued or reduced as of the date indicated in the pre-termination notice or the date of last payment, whichever is later. 38 C.F.R. § 3.655(c)(2).

Here, by an October 2010 rating decision, the RO granted service connection for TBI and assigned a 40 percent rating. He was notified that the rating was not permanent and was subject to review examinations. In December 2015, the RO continued the 40 percent rating. 

Thereafter, in February 2018, the RO notified the Veteran that he was due for examination to help determine the current severity of his TBI. A week later, a written notification from the contract examiner indicated that the examination was cancelled because the Veteran was unable to attend the appointment at this time. 

In a March 2018 rating decision, the RO notified the Veteran that due to his failure to attend the scheduled VA examination, it was proposed to decrease his disability rating for TBI from 40 percent to 0 percent. In a March 2018 letter, the RO notified the Veteran that he had 60-days to submit additional evidence and or request a hearing regarding the proposed reduction. The Veteran did not respond to the notice and by a July 2019 rating decision, the RO decreased the Veteran’s rating to 0 percent, effective July 1, 2019. In August 2019, the Veteran appealed the case to the Board, choosing Direct Review. The Veteran’s representative submitted a January 2020 Appellate Brief, in which it was noted that the Veteran failed to attend the scheduled VA examination; however, neither the Veteran nor his representative provided good cause as to why the Veteran failed to report to the scheduled examination.

Upon review, the Board finds that the AOJ followed proper VA procedures in establishing and effectuating the reduction of the Veteran’s rating. The Veteran was made aware that his disability rating was subject to future examination. He failed to attend an examination to evaluate the severity of that disability and did not provide good cause for doing so. At that time, the AOJ notified the Veteran of a proposed reduction and provided him with 60 days to present evidence prior to any final action. During that time period, the Veteran failed to respond. The AOJ subsequently issued a rating decision notifying the Veteran of a final determination of reduction.

The Board notes that, as the rating reduction was based on the Veteran’s failure to report for a necessary examination, and not on examination findings of improvement, the provisions of 38 C.F.R. § 3.344 regarding stability of disability ratings do not apply in this instance.

Accordingly, the Board finds that the rating reduction from 40 percent to 0 percent for TBI was proper. The evidence clearly demonstrates that the Veteran failed to report for the examination that was necessary to evaluate the disability without showing a good cause and that VA followed proper procedures under 38 C.F.R. §§ 3.105(e), 3.655. 

 

 

JAMES G. REINHART

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Yaffe, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.